JOHN JACOBSON, as Stockholder, etc., Appellant, v. TH DOTY PLASTER MANUFACTURING COMPANY, LEV M. BATES and Others, Respondents.

*Supplementary proceedings — they need not be instituted in the judicial district in whe the action was tried.*

It is not necessary that proceedings supplementary to execution should be pro cuted in the judicial district in which the action was tried and the judgme entered. They may be instituted before a justice of the Supreme Court another district, and an order appointing a receiver may be there made by hi

Appeal from an order made by the court at Special Term, in t first judicial district in the above entitled action, and entered in Kin county on November 27, 1883, appointing a receiver of the app lant, a judgment-debtor, in proceedings supplementary to executio

The judgment upon which the supplementary proceedings we instituted was recovered in Kings county. An order to exami the judgment-debtor was made by the Hon. Charles Donohue, o of the justices of the Supreme Court, in New York county, and t judgment-debtor was examined in the said county before a refer pursuant to the said order. After the termination of the pi ceedings before the referee he made his report, and the attorney f the judgment-creditors thereupon served upon the attorneys for t judgment-debtor a notice of motion to be made to the court at Special Term for the appointment of a receiver of the said jud ment-debtor, and on the day noticed for the motion the ord appealed from was made by the court at a Special Term and direct to be entered in Kings county.

*Carpenter & Roderick*, for the appellant.

*S. F. Kneeland*, for the respondents.

YKMAN, J :

This is an appeal from an order appointing a receiver in proceed-
gs supplementary to execution.   The odjection is that the order
n only be made in the judicial district where the action was tried
hich was the second, and this order was made in the first district.
This objection is invalid.   The supplementary proceedings in
iis case were instituted and concluded before a judge of the Supreme
ourt  in the first judicial district, and it was proper for him to
ppoint the receiver.

The order should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Order appointing receiver affirmed, with costs and disbursements.